UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:25-cv-08337-MWC-AGR | Date: January 13, 2026 |
| Title: Matthew Gargus v. Uplead, LLC | |

Present: The Honorable Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (IN CHAMBERS) Order DENYING Defendant's Motion to Transfer; DENYING Defendant's Motion to Dismiss (Dkts. [20], [21])**

Before the Court are two motions. The first is Defendant Uplead, LLC's ("Defendant") motion to transfer the case to the District of Colorado pursuant to 28 U.S.C. § 1404(a). *See* Dkt. # 21 ("*Mot. to Transfer*"). Plaintiff Matthew Gargus ("Plaintiff") opposed, *see* Dkt. # 25 ("*Transfer Opp.*"), and Defendant replied, *see* Dkt. # 27 ("*Transfer Reply*"). The second motion is Defendant's motion to dismiss for failure to state a claim upon which relief may be granted. *See* Dkt. # 20 ("*MTD*"). Plaintiff opposed, *see* Dkt. # 23 ("*MTD Opp.*"), and Defendant replied, *see* Dkt. # 26 ("*MTD Reply*"). The Court finds these matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers, the Court **DENIES** Defendant's motion to transfer and **DENIES** Defendant's motion to dismiss.

I.   Background

This case arises out of Defendant's alleged violations of Colorado's Prevention of Telemarketing Fraud Act ("PTFA"). *See* Dkt. # 1 ("*Compl.*"). The Complaint alleges as follows:

Defendant is a California limited liability company with its principal place of business in Covina, California. *Id.* ¶ 8. Defendant operates www.uplead.com (the "Website"), *id.*, which functions as a public directory, allowing anyone on the internet to search for individuals by name, location, company, or industry, among other criteria, *id.* ¶ 17. Defendant gathers and re-sells consumers' personal information, providing a business-to-business "people search" for salespeople. *Id.* ¶ 15. Defendant does so by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.  2:25-cv-08337-MWC-AGR | Date: January 13, 2026 |
| Title:  Matthew Gargus v. Uplead, LLC | |

compiling information about individuals from public records, business records, telecommunications companies, social media, and data brokers. *Id.* The Website lists information like individuals' cell phone numbers, job history, and email addresses, without the consent of those individuals. *Id.* ¶ 4. Defendant monetizes this data by offering "credits," which Defendant's customers can use to "unlock" the personal information they seek. *Id.* ¶¶ 20, 21. Selling "credits" is the core of Defendant's business model, though Defendant also offers a free tier. *Id.* ¶ 22. Defendant further markets its platform as a resource for identifying individuals' phone numbers. *Id.* ¶ 16.

Plaintiff is a resident of Boulder County, Colorado, whose cell phone number Defendant listed on the Website. *Id.* ¶ 7. Defendant never requested or received affirmative consent to list Plaintiff's information on the Website. *Id.* Because the Website makes personal information publicly available, malicious actors may exploit this information for harmful purposes, such as scams, phishing, and doxxing. *Id.* ¶ 5.

Plaintiff seeks to represent a class of Coloradans that the Website has affected. *See generally id.* He describes the putative class as "[a]ll persons in Colorado whose cellular telephone numbers were listed on Defendant's website, www.uplead.com, during the applicable statute of limitations." *See id.* ¶ 25. Defendant never received affirmative consent to list information about members of the putative class. *See id.* ¶ 41. The misappropriation of putative class members' personal data has directly infringed on those individuals' privacy rights and exposed those individuals to "elevated and unnecessary risks of harassment, scams, and unwanted telemarketing solicitations." *Id.* ¶ 42.

The Complaint's only cause of action is a violation of the Colorado PTFA, Colo. Rev. Stat. § 6-1-304, *et seq*. *See generally id.* On November 19, 2025, Defendant filed its motion to dismiss the Complaint for failure to state a claim. *See MTD*. On November 20, 2025, Defendant filed its motion to transfer the case to the District of Colorado under 28 U.S.C. § 1404(a). *See Mot. to Transfer*.

II.   Motion to Transfer

   A.   Legal Standard

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-08337-MWC-AGR                                                   Date: January 13, 2026

Title:    Matthew Gargus v. Upload, LLC

or division where it might have been brought." The purpose of § 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotation marks and citation omitted). Defendant bears the burden of showing that transfer is appropriate. *See Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).

In line with the statutory language, the Court engages in a two-step analysis in deciding a motion to transfer under § 1404(a). First, the Court determines whether the plaintiff could have brought the case in the transferee district. *See Hoffman v. Blaski*, 363 U.S. 335, 343–44 (1960). Venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

"If the case could have been brought 'in the would-be transferee court, then the court must make an individualized, case-by-case consideration of convenience and fairness.'" *Baxter Bailey and Assocs., Inc. v. Niagara Bottling, LLC*, No. 2:24-cv-02394-AB-BFM, 2025 WL 1543602, at *2 (C.D. Cal. May 5, 2025) (quoting *Roling v. E*Trade Secs., LLC*, 756 F. Supp. 2d 1179, 1184 (N.D. Cal. 2010)). The Ninth Circuit has offered examples of factors that a district court may consider when evaluating a motion to transfer, including:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-08337-MWC-AGR                                                          Date: January 13, 2026

Title:   Matthew Gargus v. Uplead, LLC

>  (6) the differences in the costs of litigation in the two forums,
>  (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000); *see also Hawkins v. Gerber Prods. Co.*, 924 F. Supp. 2d 1208, 1214 (S.D. Cal. 2013) (listing similar factors, including the convenience of the parties and witnesses, the familiarity of each forum with the applicable law, the feasibility of consolidation with other claims, local interest in the controversy, and relative court congestion and time to trial). A plaintiff's choice of forum is generally afforded a great deal of deference, *see Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256 (1981), though there is less deference to this choice "when the plaintiff elects to pursue a case outside its home forum," *Allstar Mktg. Grp., LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1131 (C.D. Cal. 2009).

    B.    <u>Discussion</u>

Defendant has not carried its burden to show that transfer is warranted. Regarding the first step of the transfer analysis, Defendant asserts that "a substantial part of the events or omissions giving rise to the claim occurred in the District of Colorado." *See Mot. to Transfer* 4 (citing *Compl.* ¶¶ 11, 12) (internal quotation marks omitted). The portions of the Complaint that Defendant cites for this proposition state that the class consists of thousands of Coloradans, and that the citizenship of the proposed class differs from that of Defendant. *See Compl.* ¶¶ 11, 12. Defendant also highlights that "this case stems from the alleged online listing of cellular telephone numbers of Colorado residents, and the purported harm to Coloradans [is] based on an alleged violation of the Colorado statute." *See Mot. to Transfer* 4.

Defendant's assertions alone are insufficient to show that venue is proper in the District of Colorado. A conclusory recitation of a portion of the venue statute does not suffice to show why that portion of the statute applies. "'[V]enue is not proper in a district simply because the plaintiffs reside there.'" *Hill v. Fanning*, No. CIV 12-052-TUC-CKJ, 2013 WL 6495714, at *4 (D. Ariz. Dec. 11, 2013) (quoting *McCormack v. Safeway Stores, Inc.*, No. C 12-4377 MEJ, 2012 WL 5948965, at *3 (N.D. Cal. Nov. 28, 2012)). Since "the party seeking transfer bears the burden of establishing that the action could have initially been brough in the transferee court," *Church v. Cal. Dep't of Managed Health Care*, No.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.  2:25-cv-08337-MWC-AGR | Date: January 13, 2026 |
| Title:  Matthew Gargus v. Upload, LLC | |

16-cv-00501-H-DHB, 2016 WL 11621588, at *2 n.2 (S.D. Cal. Apr. 15, 2016) (internal quotation marks and citation omitted), Defendant's deficient explanation on step one alone is enough to deny the motion to transfer.

      Even assuming *arguendo* that Defendant satisfied step one of the transfer analysis, its argument still fails at step two. Defendant identifies several factors that it avers counsel in favor of transfer. First, it states that transfer furthers the interests of justice. *See Mot. to Transfer* 4. In support, Defendant notes that the case is "brought by a Colorado resident, under Colorado law, with a Colorado-only putative class." *See id.* Though the Court will address the issue of Colorado law below, Defendant's argument primarily repeats its reference to the residence of plaintiffs, which is insufficient alone to establish venue. *See Hill*, 2013 WL 6495714, at *4. Defendant also maintains that the operative facts occurred in Colorado, since that is where plaintiffs would feel the harm of Defendant's actions. *See Mot. to Transfer* 4. But the location of the harm is not the only relevant factor—instead, "[w]hen assessing venue in tort actions, courts consider . . . the place where the allegedly tortious actions occurred and the place where the harms were felt." *See Lee v. Corrs. Corp. of Am.*, 525 F. Supp. 2d 1238, 1242 (D. Haw. 2007) (internal quotation marks and citation omitted). Since Defendant is headquartered in this District, its argument as to the location of harm goes only so far, as the Court cannot ignore that the alleged actions causing Plaintiff's harm took place in this District. Accordingly, this factor does not weigh in favor of transfer.

      Next, Defendant cites the convenience of the parties. To the extent this argument is based on Plaintiff's convenience, the Court must disregard it since Plaintiff's choice of forum is entitled to deference. *See Piper Aircraft Co.*, 454 U.S. at 256. To be sure, because Plaintiff brought this case outside of his home forum, he is entitled to less deference, but "less deference is not the same thing as no deference." *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1145 (9th Cir. 2001). Defendant also references the potential of "necessitat[ing] notice to the Colorado Attorney General" based on an issue arising under the Colorado Constitution, *see Mot. to Transfer* 5, but the Colorado Attorney General is not a party to the case, nor would compliance with Rule 5.1(a) automatically make the Colorado Attorney General a party without his intervention. *See* Fed. R. Civ. P. 5.1. The motion also offers no reason that the District of Colorado would be more convenient for Defendant.

      Defendant repeats the same reasoning with respect to convenience of the witnesses. Much of this argument depends on the convenience of putative class members, who carry

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-08337-MWC-AGR                                                      Date: January 13, 2026

Title:   Matthew Gargus v. Uplead, LLC

little weight in this analysis since Defendant does not offer a sufficient explanation as to why those class members would need to testify. *See Wilson v. Walgreen Co.*, No. C-11-2930 EMC, 2011 WL 4345079, at *4 (N.D. Cal. Sept. 14, 2011) (finding that the location of putative class members carried little weight in the convenience of witnesses analysis where there was no indication that class members other than the named plaintiffs would be needed to testify); *see also Snow v. L'Oreal USA, Inc.*, No. 24-00110 MWJS-KJM, 2025 WL 1191680, at *7 n.4 (D. Haw. Apr. 23, 2025) (disregarding the convenience of putative class members). By contrast, it is more likely that Defendant's employees will need to testify—since Defendant is at home in this District, this factor cannot weigh in favor of transfer. *See Schick v. BrandRep LLC*, No. 21-cv-03013-SI , 2021 WL 5113177, at *4 (N.D. Cal. Nov. 3, 2021) ("When claims arise solely out of defendants' business practices, most of the witnesses will likely be the defendants' employees . . . .").

Defendant further argues that the presence of novel issues of Colorado law favor transfer. *See Mot. to Transfer* 7. On this point, Defendant is correct, though the factor does not weigh so heavily as to overcome the larger deficiencies in Defendant's argument. Although courts in the District of Colorado more often interpret Colorado law than do courts in the Central District of California, "'federal judges routinely interpret other states' laws during their tenure on the bench.'" *Yearby v. Am. Nat. Ins. Co.*, No. 20-cv-09222-EMC, 2021 WL 3855833, at *7 (N.D. Cal. Aug. 30, 2021) (quoting *Hunt v. Ameritas Life Ins. Corps.*, No. 4:19-CV-01657-JSW, 2019 WL 7666755, at *4 (N.D. Cal. Sept. 25, 2019)). Whether the federal court is in the District of Colorado or the Central District of California, in determining Colorado law, the court will be bound by the decisions of the Colorado Supreme Court. *See Smith v. Charter Commc'ns, Inc.*, 22 F.4th 1134, 1137 (9th Cir. 2022). Thus, this factor weighs in favor of transfer only slightly.

As to the feasibility of consolidation, Defendant asserts that "[a]t least one other defendant has successfully sought transfer of a PTFA claim from federal District Court in California to the District of Colorado." *Mot. to Transfer* 8. Defendant's reply also lists several cases that Plaintiff brought outside the District of Colorado. *See Transfer Reply* 4. Even if the Court accepts the possibility that some of these cases will return to the District of Colorado, it must also acknowledge the reality that those cases are not currently in that district. And Plaintiff notes that there are two other PTFA cases currently in the Central District of California. *See Transfer Opp.* 12. Moreover, Defendant plucks an explanatory parenthetical out of context from an unpublished district court case to support the proposition that "this factor favors transfer when the matters are related, 'irrespective of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:25-cv-08337-MWC-AGR | Date: January 13, 2026 |
| Title: Matthew Gargus v. Uplead, LLC | |

whether actions could be consolidated.'" *See Mot. to Transfer* 8 (quoting *Sugarman v. Muddy Waters Cap. LLC*, No. 19-CV-04248-MMC, 2021 WL 583220, at *3 (N.D. Cal. Feb. 16, 2021)).[1] These efforts to recast the case law overlook that Defendant has not shown that these matters are actually related rather than just being based on the same statute. Accordingly, this factor does not weigh in favor of transfer.

Lastly, Defendant notes that court congestion "is neutral or favors transfer." *See Mot. to Transfer* 9. The statistics in Defendant's motion highlight that any difference in court congestion is minimal, meaning that this factor does not counsel in favor of transfer.

On balance, Defendant has failed to carry its burden to show that transfer is warranted. Not only did does the motion fail at step one, but the factors regarding convenience and fairness likewise do not sufficiently weigh in favor of transfer. *See Roling*, 756 F. Supp. 2d at 1184.

Accordingly, the Court **DENIES** Defendant's motion to transfer.

III.   Motion to Dismiss

   A.   Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In assessing the adequacy of the complaint, the court must accept all pleaded facts as true and construe them in the light most favorable to the plaintiff. *See Turner v. City & Cnty. of S.F.*, 788 F.3d 1206, 1210 (9th Cir. 2015); *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). The court then determines whether the complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, a cause of action's elements that are "supported by mere conclusory statements, do not suffice." *Id*. Accordingly, "for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling

---

[1] Defendant also refers to *Sugarman* as quoting *A.J. Industries v. United States District Court*, 503 F.2d 384, 389 (9th Cir. 1974), which this portion of *Sugarman* does not do. *See Mot. to Transfer* 8 (citing *Sugarman*, 2021 WL 583220, at *3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:25-cv-08337-MWC-AGR | Date: January 13, 2026 |
| Title: Matthew Gargus v. Upload, LLC | |

the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

      B.    <u>Discussion</u>

Plaintiff has sufficiently stated a claim on which relief can be granted.

First, Defendant argues that it did not "list" Plaintiff's cell phone number for purposes of the PTFA. *See* MTD 5–6. Colorado law describes one "unlawful telemarketing practice" as "[l]ist[ing] a cellular telephone number in a directory for a commercial purpose" without affirmative consent to do so. *See* Colo. Rev. Stat. § 6-1-304(4)(a)(I). Defendant acknowledges that the PTFA does not define this phrase, but it declares that the Court cannot adopt Plaintiff's straightforward definition of "list" or "directory." *See* MTD 5. Instead, Defendant contends, Plaintiff "ignores how telemarketing 'no call' lists work and how cell numbers and other information publicly available on the internet are scraped or otherwise collected by data brokers." *Id.* Defendant attempts to create statutory ambiguity where there is none. The Complaint alleges that the Website allows users to search for individuals and that it shows individuals' cell phone numbers, job history, and email addresses, and that Defendant did not gain those individuals' consent to do so. *See* Compl. ¶¶ 4, 17. Under Colorado law, "[i]n interpreting a statute, we begin with the statute's plain language." *People v. Huckabay*, 463 P.3d 283, 286 (Colo. 2020) (citing *Wolf Ranch, LLC v. City of Colo. Springs*, 220 P.3d 559, 563 (Colo. 2009)). All that the plain language requires is the listing of a cell phone number in a directory for a commercial purpose—exactly what the Complaint alleges here. Defendant's recharacterization of the Website as a "dynamic, paid-user system designed for real-time data exploration, manipulation, and analysis," ignores that nothing in the statute requires a "list" or "directory" to be static. *See* MTD 5–6. "It is fundamental . . . that a court may not 'create an addition to a statute that the plain language does not suggest or demand.'" *Francen v. Colo. Dep't of Revenue, Div. of Motor Vehicles*, 411 P.3d 693, 699 (Colo. App. 2012) (quoting *Spahmer v. Gullette*, 113 P.3d 158, 162 (Colo. 2005) (en banc)). Accordingly, the Complaint sufficiently alleges that Defendant listed Plaintiff's cell phone number in a directory for a commercial purpose.

Defendant next argues that Plaintiff's claim contravenes Colorado's regulatory scheme. *See* MTD 6–7. In support, it cites the Colorado Privacy Act, Colo. Rev. Stat. §§ 6-1-1301 *et seq.*, before attempting to argue that Plaintiff's interpretation of Colo. Rev.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-08337-MWC-AGR                                          Date: January 13, 2026

Title:    Matthew Gargus v. Upload, LLC

Stat. § 6-1-304(4)(a)(I) would be "nonsensical and unworkable." *See id.* Moreover, Defendant avers, because Defendant is a "data broker," it should receive different treatment under the PTFA. *See id.* Defendant asks the Court to interpret the statute atextually. Plaintiff correctly identifies that "[w]hen the General Assembly chooses to legislate in an area, we presume it is aware of its own prior enactments." *See A.S. v. People*, 312 P.3d 168, 171 (Colo. 2013); *MTD Opp.* 10. And "[i]n determining the intent of the General Assembly, we look first to the plain language of the statute . . . . Where the language is clear and unambiguous, we need not resort to rules of statutory construction." *Walker v. People*, 932 P.2d 303, 309 (Colo. 1997) (en banc). Because the Court will not read in limitations that the Colorado legislature did not include, and the statute is clear and unambiguous, Defendant's argument falls short.

Defendant also maintains that it is not a telemarketer, so it cannot be liable under the PTFA. *See MTD* 7. Once again, Defendant's interpretation of the statute is a wishful reading, but not the correct one. Colo. Rev. Stat. § 6-1-304(4)(a)(I) prohibits a "person" from listing a cell phone number in a directory for a commercial purpose without affirmative consent. *See* Colo. Rev. Stat. § 6-1-304(4)(a)(I). Even if Defendant "does not engage in or force others to make 'commercial telephone solicitations,'" *see MTD* 7, Defendant is not exempt under the statute. The PTFA provides no such limitation, so the Court cannot either. *See Tatum v. Basin. Res., Inc.*, 141 P.3d 863, 871 (Colo. App. 2005) ("Courts may not interpolate into a statute words that it does not contain, or extract a meaning which is not expressed by it." (citing *Monash v. Rhodes*, 11 Colo. App. 404 (1898))).

As to Plaintiff's class allegations, Defendant contends that Plaintiff "improperly seeks statutory damages." *See MTD* 7. But Plaintiff identifies that Colo. Rev. Stat. § 6-1-305(1) provides penalties "[i]n addition to the remedies available under sections 6-1-110, 6-1-112, and 6-1-113." *See MTD Opp.* 9 (citing Colo. Rev. Stat. § 6-1-305(1)). Although § 6-1-113 contemplates actual damages for a class action, § 6-1-305(1) contemplates statutory damages, noting that anyone who violates § 6-1-304(4) "shall be liable" for, *inter alia*, "a penalty in the amount of at least three hundred dollars and not more than five hundred dollars for a first offense and at least five hundred dollars and not more than one thousand dollars for a second or subsequent offense." *See* Colo. Rev. Stat. § 6-1-305(1). Accordingly, at this stage the Court understands the statute to allow Plaintiff to seek statutory damages as part of his class claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-08337-MWC-AGR                                                         Date: January 13, 2026

Title:     Matthew Gargus v. Upload, LLC

      Lastly, Defendant asserts that Plaintiff's construction of the PTFA renders it unconstitutional.  *See MTD* 8–9.  Defendant understands the relevant statutory provisions to be "a content-based restriction on protected speech, subject to strict or lesser scrutiny under the First Amendment."[2] *See id.* 8.  Defendant ignores that "[e]ven where a restriction is content-based, it is subject to lesser scrutiny when the speech at issue" constitutes commercial speech.  *See Stark v. Patreon, Inc.* 656 F. Supp. 3d 1018, 1032 (N.D. Cal. 2023) (citing *IMDb.com Inc. v. Becerra* , 962 F.3d 1111, 1121 (9th Cir. 2020)).  Based on the allegations in the Complaint, the Court understands Defendant to be engaging in commercial speech.  *See Ariix, LLC v. NutriSearch Corp.*, 985 F.3d 1107, 1116 (9th Cir. 2021) (identifying that a court can consider whether a speaker acted primarily out of economic motivation).  Here, Defendant does not explain its speech as having anything but an economic motivation, nor do any of the facts in the Complaint suggest an additional motivation.  Defendant offers no response to Plaintiff's identification of its activity as commercial speech.  *See generally MTD Reply*.  And even if strict scrutiny applied—a higher standard than the one applicable to commercial speech—Defendant's argument is little more than cursory.  *See MTD* 8–9.  The two cases Defendant cites in support do little to advance its argument since they arise in distinct contexts.  *See generally Packingham v. North Carolina*, 582 U.S. 98 (2017) (holding that states cannot prohibit registered sex offenders from accessing social media websites); *Sandvig v. Sessions*, 315 F. Supp. 3d 1 (D.D.C. 2018) (finding that researcher plaintiffs had standing to challenge to law that would expose them to risk of prosecution for collecting websites' data in violation of those websites' terms of service).  Beyond its cited cases being inapposite, Defendant's argument that § 6-1-304(4)(a)(1) is "neither narrowly tailored nor the least restrictive means of achieving Colorado's interests" goes no further than reciting the strict scrutiny standard.  *See id.* 8–9.  Accordingly, the Court cannot find the PTFA unconstitutional based on such a threadbare argument.

      Accordingly, the Court **DENIES** Defendant's motion to dismiss for failure to state a claim.

---

[2] Defendant also maintains that "[s]imilar protections are found under Article II, Section 10 of the Colorado Constitution," but Defendant's substantive argument is limited to the First Amendment of the United States Constitution.  Without more, the Court will not address Defendant's passing reference to the Colorado Constitution.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-08337-MWC-AGR                                    Date: January 13, 2026

Title:    Matthew Gargus v. Upload, LLC

IV.  Conclusion

For the foregoing reasons, the Court **DENIES** Defendant's motion to transfer and **DENIES** Defendant's motion to dismiss.  The January 16, 2026, hearing is **VACATED**.  Defendant must file an answer to the Complaint by end of day on January 26, 2026.

**IT IS SO ORDERED.**

                                                                                                                         :

**Initials of Preparer**     TJ