**LATHROP GPM LLP**
Caroline A.H. Sayers (SBN 209815)
caroline.sayers@lathropgpm.com
2029 Century Park East, Suite 1280N
Los Angeles, California 90067-1623
Telephone: 310.789.4600
Facsimile: 310.789.4601
caroline.sayers@lathropgpm.com

Tedrick A. Housh III (*pro hac vice*)
2345 Grand Blvd., Suite 2200
Kansas City, Missouri 64108
Telephone: 816.292.2000
tedrick.housh@lathropgpm.com

Attorneys for Defendant
UPLEAD, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MATTHEW GARGUS, individually and on behalf of all others similarly situated,<br>Plaintiff,<br>v.<br>UPLEAD, LLC,<br>Defendant. | Case No. 2:25-cv-08337-MWC-AGR<br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT UPLEAD, LLC, TO PLAINTIFFS' CLASS ACTION COMPLAINT**<br>Judge: Hon. Michelle Williams Court |

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant Matthew Gargus ("Defendant"), answers the Class Action Complaint ("Complaint") of Plaintiff Matthew Gargus, ("Plaintiff"), individually and on behalf of all those similarly situated, as follows. If an averment is not specifically admitted, it is hereby denied.

## INTRODUCTION

1. Paragraph 1 contains legal conclusions to which no response is required. Defendant admits only that Plaintiff seeks redress, but denies his entitlement to such relief and denies the remaining allegations in that paragraph.

2. Answering paragraph 2, Defendant states the PTFA statutory language speaks for itself and denies the remaining allegations in that paragraph.

3. Answering paragraph 3, Defendant admits that amendment HB05-1288 was signed into law on May 27, 2005, states that the amendment speaks for itself, and denies the remaining allegations in that paragraph.

4. Answering paragraph 4, Defendant states the information on Defendant's website speaks for itself and denies the remaining allegations in that paragraph.

5. Answering paragraph 5, Defendant states that Defendant's website and the FTC's website speak for themselves, and denies the remaining allegations in that paragraph.

6. Defendant admits that Plaintiff brings this action, but denies the remaining allegations contained in paragraph 6.

## PARTIES

7. Defendant is without sufficient information to admit or deny the allegations in paragraph 7 and therefore denies them.

8. Answering paragraph 8, Defendant admits that it is a California limited liability company with its headquarters located in Covina, California, and

that uplead.com is its website. Except as expressly admitted herein, Defendant denies the allegations contained in paragraph 8.

## JURISDICTION AND VENUE

9. Answering paragraph 9 of Plaintiff's Complaint, Defendant states the statute speaks for itself. Defendant is without sufficient information to admit or deny the remaining allegations, but to the extent an answer is required, Defendant denies the allegations of that paragraph.

10. Answering paragraph 10, Defendant states that it is a registered data broker in California for business-to-business prospecting. Defendant is without sufficient information to admit or deny the remaining allegations and therefore denies them.

11. Answering paragraph 11, Defendant admits only that it is domiciled in California. Defendant is without sufficient information to admit or deny the remaining allegations and therefore denies them.

12. Defendant is without sufficient information to admit or deny the allegations in paragraph 12 of Plaintiff's Complaint and therefore denies them.

13. Answering paragraph 13 of Plaintiff's Complaint, Defendant admits only that it is headquartered in California, states that it sets forth a legal conclusion, and denies the remaining allegations.

14. Answering paragraph 14 of Plaintiff's Complaint, Defendant states the statute speaks for itself and seeks a legal conclusion, and denies the allegations.

## FACTUAL ALLEGATIONS

15. Answering paragraph 15 of Plaintiff's Complaint, Defendant states that it is a registered data broker in California for business-to-business prospecting and denies the remaining allegations of this paragraph.

16. Answering paragraph 16 of Plaintiff's Complaint, Defendant states the website speaks for itself, that it provides B2B information, and denies the remaining allegations.

17. Answering paragraph 17 of Plaintiff's Complaint, Defendant states the website speaks for itself, sets forth a legal conclusion as to "public directory," and denies the allegations of this paragraph.

18. Answering paragraph 18 of Plaintiff's Complaint, Defendant states the purported screenshot of the website speaks for itself and denies the remaining allegations in this paragraph.

19. Answering paragraph 19 of Plaintiff's Complaint, Defendant states the purported screenshot of the website speaks for itself, that the Defendant's services require a subscription, and denies the remaining allegations.

20. Answering paragraph 20 of Plaintiff's Complaint, Defendant states the website speaks for itself, that the Defendant's services require a subscription, and denies the remaining allegations.

21. Answering paragraph 21, Defendant states that the allegations contained therein call for a legal conclusion to which no response is required. Defendant further states that the information at issue has been disclosed to the public by Plaintiff and the purported class members. To the extent an answer is required, Defendant denies the allegations contained in said paragraph.

22. Answering paragraph 22, Defendant states that the information at issue has been disclosed to the public by Plaintiff and the purported class members. Defendant denies the remaining allegations contained therein.

## PLAINTIFF'S ALLEGATIONS THAT DEFENDANT'S CONDUCT HARMS COLORADANS

23. Defendant denies the allegations of paragraph 23.

24. Defendant denies the allegations of paragraph 24.

## CLASS ACTION ALLEGATIONS

25. Answering paragraph 25, Defendant states only that Plaintiff seeks to bring a class action pursuant to FRCP 23(b)(2) and 23(b)(3) and denies that a class action is proper or that any proposed class warrants certification.

26. Answering paragraph 26, Defendant denies that a class action is proper or that any proposed class warrants certification. To the extent an answer is required Defendant denies that a class action is proper or that any proposed class warrants certification.

27. Answering paragraph 27, Defendant denies that a class action is proper or that any proposed class warrants certification. To the extent an answer is required Defendant denies that a class action is proper or that any proposed class warrants certification.

28. Defendant denies that a class action is proper or that any proposed class warrants certification. Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 28 of Plaintiff's Complaint and denies the remaining allegations contained therein.

29. Defendant denies that a class action is proper or that any proposed class warrants certification. Defendant denies that it has violated the PTFA and therefore denies the allegations in paragraph 29.

30. Defendant denies that a class action is proper or that any proposed class warrants certification. Defendant denies that it has violated the PTFA and therefore denies the allegations in paragraph 30.

31. Defendant denies that a class action is proper or that any proposed class warrants certification. Defendant denies that it has violated the PTFA and therefore denies the allegations in paragraph 31.

32. Defendant denies that a class action is proper or that any proposed class warrants certification. Defendant is without sufficient information to admit or

deny the adequacy allegations in paragraph 32. Defendant denies that it has violated the PTFA and therefore denies the allegations in this paragraph.

33. Defendant denies that a class action is proper or that any proposed class warrants certification and denies paragraph 33, including subparts (a)-(h).

34. Defendant denies that a class action is proper or that any proposed class warrants certification, and that Defendant is entitled to any of the relief set forth in paragraph 34.

35. Defendant admits only that Plaintiff seeks relief and denies that a class action is proper, that any proposed class warrants certification, and that Defendant is entitled to any of the relief set forth in paragraph 35.

## FIRST CLAIM FOR RELIEF

## VIOLATION OF THE PREVENTION OF TELEMARKETING FRAUD ACT

## COLO. REV. STATE. §61-304, ET SEQ.

36. Defendant realleges and incorporates all responses contained in this Complaint as though fully set forth herein.

37. Defendant states that information set forth in the statute speaks for itself, and otherwise denies the remaining allegations contained in said paragraph.

38. Defendant denies that it has violated the PTFA and denies the allegations in paragraph 38.

39. Defendant denies that it has violated the PTFA and denies the allegations in paragraph 39.

40. Defendant admits that it is a for profit enterprise, states that the information at issue was disclosed to the public by Plaintiff and the purported class members, denies that it has violated the PTFA and denies the allegations in paragraph 40.

41. Defendant states that information set forth on its website speaks for itself, states that the information at issue was disclosed to the public by Plaintiff

and the purported class members, denies that it has violated the PTFA and denies the allegations in paragraph 41.

42. Defendant denies that it misappropriated the information at issue, that it has infringed on the purported class members' PTFA privacy rights, that it has violated the PTFA, denies that Plaintiff or the purported class members have suffered injury or have standing to seek relief in an Article III federal court and deny the allegations in paragraph 42.

43. Defendant admits only that Plaintiff seeks the relief set forth, and denies entitlement to such relief and denies the allegations of paragraph 43.

**REQUEST FOR RELIEF**

All paragraphs following Paragraph 43 contain legal conclusions to which no response is required. To the extent any paragraphs following Paragraph 43 are intended to include any allegations of fact, Defendant denies each and every allegation, and specifically denies that Plaintiff is entitled to any of the relief sought therein.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim Upon Which Relief Can Be Granted)**

1. As a separate and first affirmative defense to the Complaint, and to the purported causes of action contained therein, Defendant alleges that Plaintiffs fail to state facts sufficient to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(No Damage)**

2. As a separate and second affirmative defense to the Complaint and each purported cause of action contained therein, Defendant states that Plaintiffs have failed to establish a concrete harm or the existence of actual damages, so as to

entitled them to relief or confer standing or jurisdiction of this matter in this Article III court.

**THIRD AFFIRMATIVE DEFENSE**

**(Unconstitutional – Violation of Free Speech)**

3. As a separate and third affirmative defense to the Complaint and each purported cause of action contained therein, Defendant states that the PTFA, as interpreted by Plaintiff, violates Defendant's free speech rights under the First Amendment of the US Constitution and the free speech protections of the Colorado state constitution.

**FOURTH AFFIRMATIVE DEFENSE**

**(Unconstitutional – Due Process)**

4. As a separate and fourth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant states that the PTFA, as interpreted by Plaintiff, is overly vague and ignores an existing, specific statutory and regulatory scheme for data brokers in the State of Colorado, thus depriving Defendant of its rights to Due Process.

**FIFTH AFFIRMATIVE DEFENSE**

**(Estoppel and Waiver)**

5. As a separate and fifth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant asserts the defenses of waiver and estoppel, and states that through counsel, the representative Plaintiff has waived the claim, the right to pursue a class action, the right to a jury trial and the right to proceed in court.

**SIXTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

6. As a separate and sixth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant states that Plaintiffs' claims

are barred in whole or in part because Plaintiffs have failed to mitigate any alleged damages to which entitlement is claimed.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

7. As a separate and seventh affirmative defense to the Complaint and each purported cause of action contained therein, Defendant states that Plaintiffs should be barred from claims beyond the applicable statute of limitations or due to laches or other waivers due to the passage of time.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Reservation of Further Defenses)**

8. As a separate and eighth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant states that it presently has insufficient knowledge of additional, as yet unstated, affirmative defenses available. Defendant reserves the right to assert additional affirmative defenses in the event discovery indicates they would be appropriate.

WHEREFORE, Defendant Uplead, LLC, prays for relief as follows:

1. That the Complaint be dismissed, with prejudice and in its entirety;

2. That Plaintiff take nothing by reason of the Complaint and that judgment be entered against Plaintiff and in favor of Defendant;

3. That Defendant be awarded its reasonable attorneys' fees and costs incurred in defending this action; and

4. That Defendant be granted such other and further relief as the Court may deem just and proper under the circumstances.

DATED: JANUARY 26, 2026

**LATHROP GPM LLP**

By: */s/ Tedrick A. Housh III*
Tedrick A. Housh III
Attorneys for Defendant
UPLEAD, LLC